NEAL A. FISHER, JR. (State Bar No. 265596)
 nealfisher@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendants
ORCHARD SUPPLY COMPANY, LLC
AND LOWE'S HOME CENTERS, LLC
(ERRONEOUSLY SUED AS ORCHARD
SUPPLY HARDWARE STORES
CORPORATION, LOWE'S COMPANIES,
INC., AND LOWE'S HIW, INC.)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY ENNIS, an individual,<br><br>                    Plaintiff,<br><br>        vs.<br><br>ORCHARD SUPPLY HARDWARE STORES CORPORATION, a Delaware corporation, LOWE'S COMPANIES, INC., a North Carolina corporation, LOWE'S HIW, INC., a North Carolina corporation, LOWE'S HOME CENTERS, INC., a North Carolina corporation, and DOES 1 through 20, inclusive,<br><br>                    Defendants. | Case No.<br><br>**DEFENDANTS' NOTICE OF REMOVAL AND REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446 (DIVERSITY JURISDICTION)**<br><br>[Filed concurrently with Corporate Disclosure Statement; Certification and Notice of Interested Parties; Declaration of Neal A. Fisher Jr.; Declaration of Mary Lucas; Federal Civil Cover Sheet]<br><br>[State Court Compl. Filed: Oct. 14, 2019] |

1

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT OF THE CENTRAL DISTRICT OF CALIFORNIA**:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. sections 1332, 1367, 1441, and 1446, Defendants Orchard Supply Company, LLC and Lowe's Home Centers, LLC (erroneously sued as Orchard Supply Hardware Stores Corporation, Lowe's Companies, Inc., Lowe's HIW, Inc., and Lowe's Home Centers, Inc.) (collectively referred to as "Defendants"), by and through their attorneys of record, hereby remove this action from the Superior Court of California, County of Los Angeles, to the United States District Court, Central District of California, based upon the following:

## JURISDICTION AND VENUE

1. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332(a). This action is removable pursuant to 28 U.S.C. section 1441 because (1) there is complete diversity of citizenship between Plaintiff Tommy Ennis ("Plaintiff") and Defendants and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2. Because the state court action is pending in the Superior Court of California, County of Los Angeles, removal of the state court action to this District Court is proper under 28 U.S.C. §§ 1441(a) and 1446(a).

3. Removal to and venue in this District is proper under 28 U.S.C. section 1391(a)(2) because Plaintiff filed the present action in the Superior Court of the State of California, County of Los Angeles and alleges that, at all relevant times, he "was a resident of the State of California, County of Los Angeles." Exhibit ("Ex.") A, Compl. at ¶2 (Ex. A consists of a true and correct copy of Plaintiff's Complaint for Damages.). Plaintiff further alleges that the "work that is the subject of this action was performed by Plaintiff in Los Angeles County." Ex. A, Compl. ¶1. Additionally, Plaintiff alleges that Defendants hired him "to work as a non-exempt customer service associate in the nursery, in Thousand Oaks, California." Ex. A,

DEFENDANTS' DISCLOSURES PURSUANT TO F.R.C.P. 7.1
4822-3094-6741v.1 0086846-000074

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Compl. ¶16.  Ex. A, Compl. ¶16.  A review of Plaintiff's employment records reveals that he worked for Defendants in Granada Hills, CA.  *See* Declaration of Mary Lucas ("Lucas Decl."), ¶3, filed concurrently herewith.

## PROCEDURAL HISTORY AND BACKGROUND

4.     On October 16, 2019, Plaintiff filed the subject civil action in the Superior Court of the State of California, County of Los Angeles, titled *Tommy Ennis v. Orchard Supply Hardware Stores Corporation, et al*, Case No. 19STCV37050 ("Complaint").  Ex. A.  The operative Complaint alleges nine (9) employment-related causes of action against Defendants: (1) disability discrimination in violation of California's Fair Employment and Housing Act ("FEHA"), (2) age discrimination in violation of FEHA, (3) retaliation in violation of FEHA, (4) failure to prevent discrimination, harassment, and retaliation in violation of FEHA, (5) failure to provide reasonable accommodations in violation of FEHA, (6) failure to engage in a good faith interactive process in violation of FEHA, (7) wrongful termination in violation of public policy, (8) intentional infliction of emotional distress, and (9) declaratory judgment.  *Id.*

5.     On January 22, 2020, Plaintiff served the following documents on Defendants' counsel of record: Complaint (Ex. A), Summons (Ex. B), Notice and Acknowledgement of Receipt – Civil (Ex. C), Civil Case Cover Sheet and Addendum (Ex. D), Notice of Case Management Conference (Ex. E), Amendment to Complaint (correcting the misidentification of Orchard Supply Company, LLC) (Ex. F), Stipulations and Alternative Dispute Resolution Information package (Ex. G), and Notice of Case Assignment (Ex. H).  True and correct copies of the aforementioned documents are attached here as Exs. A-H; *see also* Declaration of Neal A. Fisher Jr. ("Fisher Decl.") at ¶4.

6.     On February 10, 2020, after obtaining permission from Defendants to accept service of the Summons and Complaint on their behalf, counsel of record for Defendants signed, dated, and served the Notice and Acknowledgment of Receipt –

3

DEFENDANTS' DISCLOSURES PURSUANT TO F.R.C.P. 7.1
4822-3094-6741v.1 0086846-000074

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Civil on Plaintiff. Fisher Decl. at ¶5; *see* Ex. C - a true and correct copy of the executed Notice and Acknowledgment of Receipt – Civil. Plaintiff therefore completed service in this action, in accordance with Cal. Code Civ. Proc. § 415.10, on February 10, 2020. *See* Cal. Code Civ. Proc. § 415.10. Accordingly, this notice of removal is timely filed within the 30-day period set forth in 28 U.S.C. section 1446(b).

7. On February 21, 2020, Defendants filed an Answer in state court, denying Plaintiff's allegations and claims in their entirety, and denying that he is owed any of the amounts prayed for in the Complaint. A true and correct copy of Defendants' Answer dated February 21, 2020 is attached here as Exhibit I.

8. DOES 1 through 20 represent the other defendants in this action. Because DOES 1 through 20 are fictitious and because they have not yet been served, their consent to joinder in removal is not required. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this Chapter, the citizenship of defendants sued under a fictitious name shall be disregarded."), *see also Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1193, n. 1 (9th Cir. 1988); *Cmty. Bldg. Co. v. Md. Cas. Co.*, 8 F.2d 678, 678-79 (9th Cir. 1925).

## DIVERSITY

9. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332(a), and is one that may be removed to this Court under 28 U.S.C. section 1441(a), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## CITIZENSHIP

10. Plaintiff's Citizenship: Plaintiff alleges in his Complaint that at all relevant times, he "was a resident of the State of California, County of Los Angeles." Ex. A, Compl. ¶2. Plaintiff also listed the County of Los Angeles, California as his place of residence in his employment records with Defendant. *See*

DEFENDANTS' DISCLOSURES PURSUANT TO F.R.C.P. 7.1
4822-3094-6741v.1 0086846-000074

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Lucas Decl. ¶3.  These allegations create a rebuttable presumption of citizenship. *See Long v. Empire Today, LLC*, 2014 U.S. Dist. LEXIS 617, *4 (C.D. Cal. Jan. 3, 2014) (noting that "[a] person's residence can be prima facie evidence of citizenship").  Collectively, these facts establish that Plaintiff is domiciled in California.

11.   Defendants' Citizenship:  At all relevant times, including the date on which Plaintiff filed the operative Complaint, Defendants were, and are, citizens of North Carolina, not California.  Defendants Orchard Supply Company, LLC and Lowe's Home Centers, LLC are limited liability companies organized under the laws of the State of North Carolina.  For removal purposes, a limited liability company is treated as a partnership, and citizenship depends on the citizenship of its members.  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Defendant Orchard Supply Company, LLC is a manager-managed limited liability company with its only member being Lowe's Home Centers, LLC, and it is a wholly owned subsidiary of Lowe's Home Centers, LLC.  Lowe's Home Centers, LLC is a limited liability company with Lowe's Companies, Inc. as its sole member.  *See* Lucas Decl. 5.  *See also Sklar v. Orchard Supply Company, LLC*, No. 5:16-cv-05096-EJD, 2017 WL 1046459 (N.D. Cal. Mar. 20, 2017) (denying plaintiff's Motion to Remand after Defendant removed the action on the basis of diversity jurisdiction pursuant to 28 U.S.C. §1332 and §1441(b)); *Meza v. Lowe's Home Centers, LLC*, No. 15-CV-02320-LHK, 2015 WL 5462053 (N.D. Cal. Sept. 16, 2015) at *1-2 (holding that complete diversity of citizenship existed where plaintiff was a citizen and resident of California and the defendant was Lowe's Home Centers, LLC: "Defendant is a manager-managed LLC with its only member being Lowe's Companies, Inc.…Lowe's Companies, Inc., in turn, is a North Carolina corporation with its principal place of business in North Carolina…. Accordingly, Defendant is a citizen of North Carolina for purposes of diversity jurisdiction."); *Calderon v. Lowe's Home Centers, LLC*, No. 2:15-CV-01140-ODW,

DEFENDANTS' DISCLOSURES PURSUANT TO F.R.C.P. 7.1
4822-3094-6741v.1 0086846-000074

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

2015 WL 3889289 (C.D. Cal. June 24, 2015) at *1-2 (holding that complete diversity of citizenship existed where plaintiff was a citizen of California and the defendants were Lowe's Home Centers, LLC and Lowe's Companies, Inc.); Fisher Decl. ¶¶6-7 and Ex. 1 (copies of the aforementioned cases) and Ex. 2 (Secretary of State Elaine F. Marshall, Business Registration Search Results for Orchard Supply Company, LLC and Lowe's Home Centers, LLC, accessible at: https://www.sosnc.gov/online_services/search/Business_Registration_Results (lists Orchard Supply Company, LLC's principal office in Wilkesboro, North Carolina and the addresses for all company officials in Mooresville, North Carolina, and lists Lowe's principal office in Mooresville, North Carolina and the addresses for all company officials in Mooresville, North Carolina) (last accessed March 5, 2020)).

12. Lowe's Companies, Inc. is a North Carolina corporation, incorporated in the State of North Carolina. *See* Lucas Decl. ¶5, Fisher Decl. ¶¶6-7 and Exs. 1 and 2. The phrase "principal place of business" in 28 U.S.C. § 1332(c)(1) refers to the place where "the corporation's high-level officers direct, control, and coordinate the corporation's activities. Lower courts have often metaphorically called that place the corporation's 'nerve center' … the 'nerve center' will typically be found at a corporation's headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 95-96 (2010) (internal citations omitted). Lowe's Companies, Inc.'s headquarters – where its high-level officers direct, control, and coordinate the corporation's activities – is located in North Carolina. *See* Lucas Decl. ¶5. Thus, for removal purposes, Lowe's Companies, Inc. is a citizen of North Carolina, not California. *Id*.; Fisher Decl. ¶¶6-7 and Exs. 1 and 2. Defendants are not now, and have never been, citizens of the State of California.

13. Because Lowe's Companies, Inc. is a citizen of North Carolina, Orchard Supply Company, LLC (a wholly owned subsidiary of Lowe's Home Centers, LLC) and Lowe's Home Centers, LLC are citizens of North Carolina. *See* Fisher Decl. ¶¶ 6-7 and Exs. 1 and 2. Since Plaintiff is a citizen of California and

DEFENDANTS' DISCLOSURES PURSUANT TO F.R.C.P. 7.1
4822-3094-6741v.1 0086846-000074

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Defendants are citizens of North Carolina, the requisite diversity of citizenship exists. *See* 28 U.S.C. §1332(c)(1).

14.    Pursuant to 28 U.S.C. section 1441(a), "[f]or purposes of removal … the citizenship of defendants sued under fictitious names shall be disregarded." Thus, the fictitious "Does 1 to 250" are disregarded for determining diversity jurisdiction. There is complete diversity between the parties for removal purposes.

## AMOUNT IN CONTROVERSY

15.    The threshold amount in controversy is satisfied in this action. In measuring the amount in controversy for purposes of diversity jurisdiction, "a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (quotations omitted). In addition, the Court should aggregate damages in determining whether the controversy exceeds $75,000. *See Bank of Cal. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972) ("aggregation is permitted when a single plaintiff seeks to aggregate two or more of her own claims against a single defendant") (internal quotations omitted)

16.    Here, Plaintiff's allegations and the prayer for relief in the Complaint confirm that Plaintiff is seeking more than $75,000. As an initial matter, Plaintiff alleges in his Prayer for Relief that he "seeks judgment against Defendants and each of them, in an amount according to proof but estimated to be no less than $200,000." Ex. A, Prayer for Relief, at p. 20. This allegation alone, without more, demonstrates that the amount in controversy is more than $75,000 and therefore, satisfies the Court's jurisdictional amount. *See Starr v. Lowe's HIW, Inc.*, No. 3:09-CV-00592-RCJ-(VPC), 2010 WL 1628729, at *1 (D. Nev. Apr. 21, 2010) (reasoning that "if a plaintiff brings an action in state court and alleges an amount in controversy greater than the minimum for diversity jurisdiction, a diverse defendant may remove to federal court unless there is a legal certainty that plaintiff will not

DEFENDANTS' DISCLOSURES PURSUANT TO F.R.C.P. 7.1
4822-3094-6741v.1 0086846-000074

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

recover an amount above the minimum for diversity jurisdiction.").

17.     Plaintiff also prays for the following relief against Defendants: (1) "a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress and loss of earning capacity; (2) prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter; (3) a declaratory judgment…; (4) injunctive relief…; (5) punitive damages…; (6) costs of suit, attorneys' fees, and expert witness fees…; (7) post-judgment interest; (8) any other relief that is just and proper." Ex. A, Prayer for Relief at p. 20-21.

18.     Plaintiff seeks a combination of past and future lost income and benefits. Ex. A, Prayer for Relief, at p. 20. Plaintiff alleges that he was discharged by Defendants on or about March 21, 2018. Ex. A at ¶20. According to Plaintiff's employment records, he earned $17,225.00 per year, $331.25 per week, and $13.25 per hour as a non-exempt, part-time Customer Service Associate in Nursery at the time his employment with Defendant ended on or about November 11, 2018. Lucas Decl. at ¶¶3-4. If we extrapolate these figures to estimate Plaintiff's lost wages since his employment with Defendants ended, up to March 11, 2020 – the date by which this Removal must be filed, we can ascertain that Plaintiff is seeking no less than $22,525.00 in lost wages ($17,225.00/yr + (($331.25/wk x 4) x 4)). This amount does not include Plaintiff's alleged lost *future* earnings, which further add to the jurisdictional amount.

19.     Plaintiff further seeks emotional distress damages. Ex. A, Prayer for Relief, at p. 20. Emotional distress damages have value for purposes of determining the amount in controversy. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (emotional distress damages of at least $25,000 considered in calculating

DEFENDANTS' DISCLOSURES PURSUANT TO F.R.C.P. 7.1
4822-3094-6741v.1 0086846-000074

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

amount in controversy). Although Plaintiff does not provide a specific amount as to his claim for emotional distress damages, the Court may consider damage awards in other cases to establish the amount in controversy. *See, e.g., Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002) (*citing* award of $3,500,000 for pain and suffering in employment discrimination case and noting that while the case was "not perfectly analogous," the case "indicates that emotional distress damages in a successful employment discrimination case may be substantial").

20. Plaintiff seeks to recover punitive damages as well. Ex. A, Prayer for Relief, at p. 20. "It is well established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). Indeed, in *Simmons*, the amount in controversy was satisfied when the plaintiff filed a complaint against his former employer for race discrimination and wrongful termination seeking punitive damages (notwithstanding that lost wages at the time of removal totaled only $25,600). *Simmons*, 209 F. Supp. 2d at 1033. The court explained that a potential award of punitive damages, even if unspecified in the pleadings, can establish the requisite amount in controversy. *Id.* (citing multi-million dollar punitive damages awards and providing that, "Notwithstanding the[] differences, the jury verdicts in these cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases.") Here, although Defendants deny Plaintiff's allegations in their entirety, if Plaintiff were to prevail on his employment claims, the punitive damages alone could exceed the jurisdictional minimum.

21. Additionally, Plaintiff seeks to recover attorneys' fees as provided by statute. Ex. A, Prayer for Relief, at p. 21. Attorneys' fees are properly included in the amount in controversy calculation. To be sure, it is not just attorneys' fees already incurred that are to be included; *future* fees should be included as well. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("[A] court must include future attorneys' fees recoverable by statute or contract when

DEFENDANTS' DISCLOSURES PURSUANT TO F.R.C.P. 7.1
4822-3094-6741v.1 0086846-000074

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

assessing whether the amount-in-controversy requirement is met."); *see also Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"). Here, Plaintiff seeks "[] costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA and/or any other basis." Ex. A, Prayer for Relief, at p. 21. Under Government Code section 12965(b), the Court may award a prevailing plaintiff an award of reasonable attorneys' fees.

22. Based on the nature of Plaintiff's allegations and the relief sought by Plaintiff in the Complaint – including past and future wages, emotional distress, punitive damages and attorneys' fees – it is apparent that the amount in controversy exceeds $75,000. *See, e.g.*, *White v. FCI USA, Inc.*, 319 F.3d 672, 674-76 (affirmed district court determination that it was facially apparent that the jurisdictional amount was satisfied based on a request for compensatory damages, punitive damages, and attorneys' fees); *see also Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (jurisdictional amount satisfied based on damage claims for pain and suffering and humiliation).

23. Because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332(a) and it is removable under 28 U.S.C. §1441.

24. For the reasons set forth above, therefore, this action may be removed by Defendants to this District Court pursuant to 28 U.S.C. §1441 and, if necessary, pursuant to 28 U.S.C. §1367.

## **MISCELLANEOUS**

25. Pursuant to 28 U.S.C. §1446(a), the following constitutes all of the process, pleadings, and orders received or served by Defendants or otherwise found in the State Action court file and available to Defendants at the time of the filing of

---

10

DEFENDANTS' DISCLOSURES PURSUANT TO F.R.C.P. 7.1
4822-3094-6741v.1 0086846-000074

this Removal.  True and correct copies are attached of the following:

Ex. A:      Complaint filed by Plaintiff

Ex. B:      Summons filed by Plaintiff

Ex. C:      Notice and Acknowledgment of Receipt – Civil (executed)

Ex. D:      Civil Case Cover Sheet and Addendum

Ex. E:      Notice of Case Management Conference

Ex. F:      Amendment to Complaint

Ex. G:      Stipulations and Alternative Dispute Resolution Information package

Ex. H:      Notice of Case Assignment

Ex. I:      Defendants' Answer to Plaintiff's Unverified Complaint for Damages

26.    Pursuant to 28 U.S.C. § 1446(d), contemporaneous with the filing of this Notice of Removal, Defendants will file with the State Court a Notice of Filing of Notice of Removal, with a copy of this Notice of Removal attached. Furthermore, Defendants will serve counsel for Plaintiff with a copy of both this Notice of Removal and the Notice of Filing of Notice of Removal, and file this Notice to Plaintiff with the State Court.

///

///

///

///

///

///

///

///

///

///

DEFENDANTS' DISCLOSURES PURSUANT TO F.R.C.P. 7.1

4822-3094-6741v.1 0086846-000074

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

27.     Defendants have good and sufficient defenses to this action and do not waive any defenses, jurisdictional or otherwise, by the filing of this notice.

Based on the foregoing, Defendants hereby remove this action from the Superior Court of California, County of Los Angeles, to this Court, and request that further proceedings be conducted in this Court as provided by law.

DATED: March 9, 2020                DAVIS WRIGHT TREMAINE LLP
                                    NEAL A. FISHER, JR.

                                    By: /s/Neal A. Fisher, Jr.
                                            Neal A. Fisher Jr.

                                    Attorneys for Defendants
                                    ORCHARD SUPPLY COMPANY,
                                    LLC AND LOWE'S HOME
                                    CENTERS, LLC (ERRONEOUSLY
                                    SUED AS ORCHARD SUPPLY
                                    HARDWARE STORES
                                    CORPORATION, LOWE'S
                                    COMPANIES, INC., AND LOWE'S
                                    HIW, INC.)

DEFENDANTS' DISCLOSURES PURSUANT TO F.R.C.P. 7.1
4822-3094-6741v.1 0086846-000074

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

<u>PROOF OF SERVICE BY MAIL</u>

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

On March 9, 2020, I served the foregoing document(s) described as: **DEFENDANTS' NOTICE OF REMOVAL AND REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446 (DIVERSITY JURISDICTION)** by placing a **true copy** of said document(s) enclosed in a sealed envelope(s) for each addressee named below, with the name and address of the person served shown on the envelope as follows:

Janeth Arias, Esq
BLANCO & ARIAS, A PROFESSIONAL LAW CORPORATION
21171 S. Western Ave. Suite 2812
Torrance, California 90501
*Counsel for Plaintiff TOMMY ENNIS*

I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service.  I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

Executed on March 9, 2020, at Los Angeles, California.

☐  State          I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

☒  Federal       I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

| Vanessa Palma | /s/ Vanessa Palma |
|---|---|
| Print Name | Signature |

DEFENDANTS' DISCLOSURES PURSUANT TO F.R.C.P. 7.1
4822-3094-6741v.1 0086846-000074